**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X   Case No.

LISA JOHNSON, on behalf of herself individually
and all others similarly situated

                                             Plaintiff,

                                                                                    **CLASS ACTION**
                -against-                                                **COMPLAINT**


RETRIEVAL MASTERS CREDITORS BUREAU, INC.
d/b/a AMERICAN MEDICAL COLLECTION AGENCY,
                                                  Defendant.
------------------------------------------------------------------------X

        Plaintiff, by and through her attorneys, FAGENSON & PUGLISI, upon knowledge as to herself and her own acts, and as to all other matters upon information and belief, brings this complaint against above-named defendant and in support thereof alleges the following:

## INTRODUCTION

1.     That this is an action for damages brought by an individual consumer and on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices.

## PARTIES

2.     That plaintiff is a natural person who resides in this District and is a consumer as defined by the FDCPA, § 1692a(3).

1

3. That defendant is a debt collector as defined pursuant to 15 U.S.C. § 1692a(6).

4. That defendant is a domestic corporation with a principal place of business in New York.

5. That defendant regularly collects or attempts to collect defaulted consumer debts originally owed or due or asserted to be owed or due to others.

6. That the principal business purpose of defendant is the collection of defaulted consumer debts originally owed or due or asserted to be owed or due to others by means of the mail and the telephone.

JURISDICTION AND VENUE

7. This Court has jurisdiction and venue pursuant to 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. § 1331.

FACTUAL ALLEGATIONS

8. That plaintiff re-alleges paragraphs 1-7 as if fully re-stated herein.

9. That plaintiff is alleged to owe a debt incurred for personal purposes to Sunrise Medical Laboratories ("Sunrise Medical").

10. That at some subsequent point in time the debt is alleged to have fallen into default.

11. That by letter dated January 18, 2012 defendant wrote to plaintiff in an attempt to collect said debt.

12. That said January 18, 2012 letter was defendant's validation notice letter to plaintiff pursuant to 15 U.S.C. § 1692g(a).

13. That said January 18, 2012 letter states, in pertinent part:

"If you fail to resolve this debt, you will be subject to additional collection efforts that may include your account being reported to national credit bureaus."

14. That, thereafter, defendant sent another collection letter to plaintiff regarding the same debt ("first debt"), dated February 22, 2012.

15. That said February 22, 2012 letter states, in pertinent part:

"Your Deadline For Payment in Full is 03/08/2012.

If we do not receive payment by this date, we will escalate collection efforts that may include your account being reported to national credit bureaus."

16. That said February 22, 2012 letter also states in three instances along the right side of the letter: "CREDIT AT RISK"

17. That, thereafter, defendant sent another collection letter to plaintiff dated February 29, 2012.

18. That said letter dated February 29, 2012 concerned the first debt.

19. That said letter dated February 29, 2012 also concerned a second debt allegedly owed by plaintiff to Sunrise Medical.

20. That defendant's February 29, 2012 letter was defendant's validation notice letter to plaintiff pursuant to 15 U.S.C. § 1692g(a).

21. That defendant does not mention anything about credit reporting plaintiff's account in the said February 29, 2012 letter.

22. That by letter dated June 12, 2012 defendant wrote to plaintiff in an attempt to collect an alleged debt from Laboratory Corporation of America ("LabCorp").

23. That said debt was incurred for personal purposes by plaintiff.

3

24. That said June 12, 2012 letter was defendant's validation notice letter to plaintiff pursuant to 15 U.S.C. § 1692g(a).

25. That said June 12, 2012 letter states, in pertinent part:

"If you fail to resolve this debt, you will be subject to additional collection efforts that may include your account being reported to national credit bureaus."

26. That because of financial inability, plaintiff did not pay the debts.

27. That defendant did not report plaintiff's account to any national credit bureau for either the first debt from Sunrise Medical or the debt from LabCorp.

AS AND FOR A FIRST CAUSE OF ACTION

28. That plaintiff re-alleges paragraphs 1-27 as if fully re-stated herein.

29. That defendant's statements in its various letters that:

"If you fail to resolve this debt, you will be subject to additional collection efforts that may include your account being reported to national credit bureaus";

"Your Deadline For Payment in Full is 03/08/2012.

If we do not receive payment by this date, we will escalate collection efforts that may include your account being reported to national credit bureaus"; and

"CREDIT AT RISK"

were all made by defendant in order to scare plaintiff into paying the debts.

30. That defendant knew, at the time it made the statements, that it would not report plaintiff's accounts to national credit bureaus.

31. That defendant also sought to impart to plaintiff a false sense of urgency to pay the first debt by telling her that her credit was at risk if she does not pay the debt by March 8, 2012, well knowing that in the event of non-payment it would simply send a validation notice letter for the debt all over again.

32. That defendant's said statements constitute a threat to take an action that is not intended to be taken, in violation of 15 U.S.C. § 1692e(5).

33. That defendant's said statements also constitute false, deceptive or misleading representations used by defendant in connection with its attempts to collect a debt, in violation of 15 U.S.C. § 1692e.

## CLASS ALLEGATIONS

34. That plaintiff re-alleges paragraphs 1-33 as if fully re-stated herein.

35. That this action is brought on behalf of plaintiff and the members of a class. The class consists of all persons who defendant's records reflect were sent debt collection letters within the State of New York within the period of time commencing one year before the filing of this complaint up to and including the date of the filing of the complaint and who were sent a collection letter (a) in substantially the same form as the letters defendant sent to plaintiff; (b) the collection letter was sent to a consumer seeking payment of a consumer debt; (c) the collection letter was not returned by the postal service as undelivered; and (d) the letter contained violations of 15 U.S.C. §§ 1692e and 1692e(5). The class does not include defendant or persons who are officers, directors and employees of defendant.

36. The class shall be defined as follows:

*All natural persons residing in the State of New York to whom defendant sent a collection letter concerning a consumer debt which letter contains a statement in sum or substance that defendant's collection efforts may include the consumer's account being reported to national credit bureaus.*

37. That pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letter that is the gravamen of this litigation is a mass-mailed form letter, the class is so numerous that joinder of all members is impracticable. Upon information and belief, thousands of persons have received similar debt collection letters from defendant which violate the various provisions of the FDCPA.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal questions presented by this claim is whether defendant violated the FDCPA by making a false threat to report to the national credit bureaus and by imparting a false sense of urgency, in violation of the FDCPA, §§ 1692e and 1692e(5).

(C) The only individual issue is the identification of the consumers who received the letters (the class members), a matter capable of ministerial determination from the records of defendant.

(D) The claims of plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) Plaintiff will fairly and adequately represent the class members' interests. Plaintiff has retained experienced counsel. Plaintiff's interests are consistent with those of the members of the class.

38. That a class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA in 15 U.S.C. § 1692k. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

39. That if the facts are discovered to be appropriate, plaintiff will seek to certify a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

40. That communications from debt collectors, such as those sent by defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

41. That as a result of the above violations, defendant is liable to plaintiff and the members of the class for damages in an amount to be determined at the time of trial, plus costs and attorneys' fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

(a) certifying a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(b) statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial;

(c) awarding class members the maximum statutory damages pursuant to 15 U.S.C. § 1692k;

(d) reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. § 1692k; and

(e) for such other and further relief as may be just and proper.

DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
February 20, 2013.

/s/ Novlette R. Kidd

NOVLETTE R. KIDD, ESQ. (NK 9339)
FAGENSON & PUGLISI
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212)268-2128
Nkidd@fagensonpuglisi.com